**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-00459-PHX-ROS |
| Plaintiff, | **OPINION** |
| vs. | |
| Marvin Templeton, et al., | |
| Defendants. | |

Defendant Marvin Templeton moves to suppress evidence taken from the vehicle he was driving on March 30, 2009. The motion will be granted.

**BACKGROUND**

On March 30, 2009, a number of individuals were in a parking lot in Scottsdale, Arizona to conduct a drug transaction. At some point during the transaction, Templeton drove into the parking lot and parked next to the vehicles involved in the drug transaction. Shortly after Templeton's arrival, police officers arrested Templeton and the individuals nearby based on their alleged involvement in the drug transaction. After Templeton had been arrested and moved away from his vehicle, the police searched the vehicle and discovered a duffle bag containing approximately $200,000.

Several hours after the arrest and search, Templeton was asked whether the evidence found in his car belonged to him. Templeton said it did not. Templeton now seeks to suppress that evidence.

**ANALYSIS**

A defendant seeking suppression of evidence bears the burden of establishing a violation of his Fourth Amendment rights. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005). Application of the exclusionary rule "depends largely on the facts of each case." *United States v. Crawford*, 372 F.3d 1048, 1054 (9th Cir. 2004).

The United States presents two arguments against Templeton's motion to suppress. First, the United States argues the search of the vehicle was permitted as the officers on the scene had a reasonable belief that it would contain evidence of the offense for which Templeton was arrested. Second, the United States argues Templeton's statement that the duffle bag was not his constituted an abandonment of the property such that Templeton no longer has any Fourth Amendment rights regarding that property. Neither argument is convincing.

**I. *Arizona v. Gant* Does Not Apply**

Pursuant to *Arizona v. Gant*, 129 S. Ct. 1710, 1724 (1009), "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." It is undisputed that Templeton was not within reaching distance of the passenger compartment at the time of the search. Thus, the search of Templeton's vehicle was legal only if the officers had a reasonable belief that the vehicle contained evidence of the offense for which Templeton was arrested. The officers did not have such a belief at the time the search was conducted.

The United States' factual presentation, including the testimony at the evidentiary hearing, has been far from clear.[1] The testimony established that a drug transaction was about to occur in the parking lot, but there was no coherent explanation of what the officers knew at the time regarding Templeton's involvement in that transaction. Given that the

---

[1] The United States has acknowledged the inaccuracy of its initial representations regarding the sequence of events in the parking lot. (Doc. 77 at 3).

officers did not know the nature of Templeton's involvement in the crime, the officers could not have had a reasonable belief that relevant evidence would be found in his van regarding the crime. Thus, *Gant* does not apply and the search of Templeton's vehicle should not have occurred.

## II. Abandonment Does Not Apply

The United States' second argument is that Templeton abandoned any expectation of privacy in the duffle bag by disclaiming ownership. It is well-established that when an individual disclaims ownership of a piece of property, he gives "up any expectation of privacy" in that property. *United States v. Decoud*, 456 F.3d 999, 1007 (9th Cir. 2006). Thus, "warrantless searches or seizures of abandoned property do not violate the fourth amendment." *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986). Whether an individual has abandoned property "is a question of intent." *Nordling*, 804 F.2d at 1469. The inquiry regarding abandonment must "focus on whether, through words, acts or other objective indications, a person has relinquished a reasonable expectation of privacy in the property at the time of the search or seizure." *Nordling*, 804 F.2d at 1469. The issue here is whether an abandonment after an illegal search occurred should be deemed effective. It should not.

An "abandonment must be voluntary, and an abandonment that results from [a] Fourth Amendment violation cannot be voluntary." *United States v. Stephens*, 206 F.3d 914, 917 (9th Cir. 2000). Here, the officers conducted an illegal search of the vehicle and duffle bag and then asked whether the evidence found during that search belonged to Templeton. Templeton stated it did not, but that abandonment was involuntary as a matter of law. *See United States v. Nicholson*, 144 F.3d 632, 640 (10th Cir. 1998) (finding abandonment involuntary as a matter of law when the abandonment occurred after officers' Fourth Amendment violations). It would undermine one of the core purposes of the exclusionary rule if the government could conduct illegal searches, confront individuals with the fruits of those searches, and then rely on the illegally obtained evidence if the individual stated the evidence did not belong to him. *See Crawford*, 372 F.3d at 1054 (purpose of exclusionary

- 3 -

rule is to deter police misconduct). Accepting the United States' position would, in effect, provide an incentive for the government to conduct illegal searches in the hopes that a suspect will disclaim ownership of the evidence illegally discovered.[2] The Court cannot encourage such actions. *See Herring v. United States*, 129 S. Ct. 695, 700 (2009) (exclusionary rule should be applied when it will deter future Fourth Amendment violations).

Accordingly,

**IT IS ORDERED** the Motion to Suppress (Doc. 60) is **GRANTED**.

DATED this 2nd day of August, 2010.

_____
Roslyn O. Silver
United States District Judge

---

[2] The only case cited by the United States in support of their abandonment argument is *United States v. Decoud*, 456 F.3d 996, 1007 (9th Cir. 2006). In *Decoud*, the defendant had been pulled over for speeding and improper window tinting. The officer then learned the defendant was driving on a suspended license. The officer arrested the defendant and impounded the vehicle. The officer conducted an inventory search of the vehicle and discovered a locked metal briefcase. The defendant disclaimed ownership of the briefcase. The officer opened the briefcase and found a large supply of cocaine base. The defendant moved to suppress but the Ninth Circuit found he had given up "any expectation of privacy in the briefcase by unequivocally disclaiming ownership." 456 F.3d at 1007. Unlike in *Decoud*, the search at issue here occurred *before* the defendant disclaimed ownership. Thus, instead of the police acting appropriately up to the point of disclaimer as in *Decoud*, in this case the police acted inappropriately prior to the point of disclaimer.